IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § § | Civil Action No. 5:11-cv-792 |
| V. | § § § § | COMPLAINT<br>JURY TRIAL DEMAND |
| AA FOUNDRIES, INC., | § § | |
| Defendant. | § § | |
| and | § § | |
| MARY L. JOHNSON, | § § | |
| Intervenor-Plaintiff, | § § | |
| V. | § § | |
| AA FOUNDRIES, INC. | § § | |
| Intervenor - Defendant | § | |

DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

DEFENDANT, AA FOUNDRIES, submits the following proposed voir dire questions:

1. This is a suit for damages under Title VII of the Civil Rights Act of 1964, 42 USC §§ 2000e, *et seq.* and Title I of the Civil Rights Act of 1991, 42 USC 1981. Plaintiff EEOC alleges that Defendant subjected Plaintiff Mary L. Johnson to a hostile work environment on the basis of her race. The general facts as alleged by the Plaintiff in this case are that there were, according to her, racially discriminatory words used in the workplace and various other alleged discriminatory acts. Do any of you know anything about the facts of this case through either personal knowledge or the media?

2. Do you understand that this is a civil case? This means that it is a civil dispute rather than a criminal prosecution.

3. Do you understand that the burden of proof in a civil case is different from that in a criminal case? This means that the party that must prove something to you, as jurors, must do so by a preponderance of the evidence, not beyond a reasonable doubt.

4. Do you understand that the role of the jury is to be the "judge" of the disputed facts in the case? This means each juror must listen to the evidence admitted in court and decide the relative value of that evidence in resolving the questions that will be presented to the jury at the conclusion of the evidence.

5. Do you understand that the parties are entitled to prove facts by circumstantial evidence? This means, for example, that testimony by a witness who observed a wet umbrella at the front door of a home may be sufficient to prove that it was raining outside, even though there is no testimony that anyone looked or went outside to see whether it was raining.

6. Litigants are entitled to have their case heard by a jury that is fair and impartial. Do you understand that being a fair and impartial juror means that a person does not have special feelings or special knowledge about an issue in the case or about the case itself that prevents the person from treating both sides of the dispute equally before hearing any evidence? For example, someone who lost a child in an accident involving a drunk driver might have difficulty being a juror in a case involving an automobile collision in which one party alleged the other was intoxicated.

7. Do you understand that the jury-selection process is the sole opportunity that the litigants will have to learn if you have had experiences or have feelings or knowledge that may influence how you view the evidence in this case?

8. Are you acquainted with the plaintiff in this case?

9. Are you acquainted with the defendant in this case?

10. Do you recognize any of the attorneys who are here?

11. The attorneys in this case are Stephen F. White, David Lopez, James L. Lee, Gwendolyn Young Reams, Robert A. Canino, Judith G. Taylor, Edward Juarez, Paul Andrews. Have you, anyone close to you, or any member of your family (including your spouse, children, stepchildren, parents, brothers, sisters, brothers-in-law, sisters-in-law, or parents-in-law) ever been represented by any of these attorneys?

12. The following are potential witnesses in this case:

    a) Mary L. Johnson

    b) Gene Alexander

    c) Ronnie Hunt

    d) Janice Beal

    e) Christopher Strickland

2
Proposed Voir Dire Questions – Johnson v. AA Foundries

      f) Kathy R. White

      g) Adamou Moumouni

      h) William Ramzinski

      i) Wayne Moss

      j) Kenneth E. Bacon

      k) Leroy Beal

      l) Wayne Moss

      m) Rosa Hernandez

Do you know, or do you think you know, any of these people?

13. Do you know anyone else on the jury panel?

14. Have you, any relative, or anyone close to you ever worked for or been employed by any of the following companies: AA Foundries or the EEOC?

15. Have you, any relative, or anyone close to you ever owned stock in any of the following companies: AA Foundries?

16. Have you, any relative, or anyone close to you ever studied law?

17. Do any of you have a spouse who is a lawyer or who has studied law?

18. Have you, any relative, or anyone close to you ever been employed as a claims investigator, adjuster, or handler for an insurance company?

19. Have you, any relative, or anyone close to you ever been employed as a police officer, sheriff, constable, or other law-enforcement officer?

20. Have you ever served in the armed forces?

21. Have you ever been a witness at a trial, civil or criminal?

22. Have you ever been a juror in a trial, civil or criminal?

23. If yes, were you the presiding juror?

24. If you were a juror in a civil trial, did the jury reach a verdict?

25. Has any relative, or anyone close to you ever been involved as a plaintiff, defendant, or witness in a civil case or ever attended court for any reason?

26. If yes, is that civil case still pending?

27. Based on what you have heard about the facts of this case, was the civil case in which your relative or a person close to you was involved similar in any way to this case?

28. Was there anything about the civil case in which your relative or a person close to you was involved that you believe could affect your ability to be a fair and impartial juror in this case?

29. Have you ever been a Plaintiff or Defendant in a civil suit brought for damages?

30. If yes, is that case still pending?

31. Based on what you have heard about the facts of this case, is the civil case in which you are or were a defendant similar in any way to this case?

32. Is there anything about the civil case in which you are or were a defendant that you believe could affect your ability to be a fair and impartial juror in this case?

33. Have you ever been a plaintiff in a suit?

34. If yes, is that case still pending?

35. Based on what you have heard about the facts of this case, is the civil case in which you are or were a plaintiff similar in any way to this case?

36. Is there anything about the civil case in which you are or were a plaintiff that you believe could affect your ability to be a fair and impartial juror in this case?

37. Have you read any advertisements, articles, or editorials concerning lawsuits or jury awards?

38. Are you a member of any organization that pertains to the justice system or reform or modification of the justice system?

39. This case is expected to last 3 days. Do you have any confirmed vacation plans or other family matters that would conflict with jury service?

40. Do you have any physical disability or condition that would interfere with your serving as a juror in this case?

41. Would you be paid by your employer during jury service?

42. Have any of you (family, close personal friends, etc.) ever worked for a company that required, as a condition of employment, random drug testing?

43. Do any of you believe that employees working in an industrial endeavor, involving potentially hazardous tasks, should not be required to take periodic drug tests.

44. Have you heard anything during this jury-selection process that causes you concern about your ability to be a fair and impartial juror in this case?

45. Is there any matter that you would like to discuss privately that bears on your ability to serve as a juror in this case?

                                  Respectfully submitted;

                                  By: */S/ Stephen F. White*
STEPHEN F. WHITE
LAW OFFICES OF STEPHEN F. WHITE, P.C.
202 E. Locust Street
San Antonio, Texas 78212
(210) 340-9988 Telephone
(210) 826-9988 Facsimile
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

    By my signature below, I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all attorneys of record via the CM/ECF system on June 25, 2012.

                                  */S/ Stephen F. White*
STEPHEN F. WHITE

Proposed Voir Dire Questions – Johnson v. AA Foundries